

PHILIP A. HOHENLOHE
LAW OFFICE OF PHILIP HOHENLOHE, PLLC
316 Fuller Ave.
P.O. Box 1959
Helena, MT 59624
Telephone: (406) 443-4601
Facsimile: (406) 443-4602
e-mail: phil@hohenlohelaw.com

Attorney for Plaintiff

COPY
GALLATIN COUNTY CLERK
OF DISTRICT COURT
SANDY ERHARDT

2021 FEB 12 PM 2: 25

FILED

BY_____DEPUTY

# MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT
## GALLATIN COUNTY

| | |
|---|---|
| JACOB RHODES,<br><br>Plaintiff,<br><br>vs.<br><br>RESSLER MOTOR COMPANY,<br><br>Defendant. | Dept. _____<br><br>Judge _____<br><br>Cause No. DV-21-136C<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## STATEMENT OF THE CASE

1. Plaintiff Jacob Rhodes brings this action alleging violations of the Montana Human Rights Act, § 49-2-101, MCA, et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; Section 1981 of the Civil Rights Act of 1871, 42 U.S.C. § 1981; and also alleging tort and constitutional claims, related to his employment with Defendant and the termination thereof.

Complaint and Demand for Jury Trial          PAGE 1

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Mont. Const. Art. VII, § 4(1); § 3-5-302, MCA; § 49-2-511, MCA; 42 U.S.C. §§ 2000e-5(f)(3), see Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820 (1990) (state courts have concurrent jurisdiction over Title VII claims); and 42 U.S.C. §1981, see DeHorney v. Bank of America Nat'l Trust & Savings Ass'n, 879 F.2d 459 (9th Cir. 1989) (state courts have concurrent jurisdiction over Section 1981 claims). Venue is proper in this Court pursuant to §§ 25-2-118, 25-2-122, and 49-2-511, MCA, as the Defendant's primary place of business is within this district, the Defendant is actively engaged in activities within this judicial district; the employment which is the subject of this litigation was performed within this judicial district; and the wrongful acts or omissions which are the subject of this litigation occurred within this judicial district.

## PARTIES

3. The Plaintiff Jacob Rhodes is and at all times herein mentioned was a resident of Clyde Park, Montana, in Park County. The Plaintiff was employed by the Defendant Ressler Motor Company, [hereafter, "Ressler"], at its place of business in Bozeman, Montana, in Gallatin County.

4. The Defendant is a Montana corporation with its headquarters and principal place of business in Bozeman, Montana. Defendant operates a car dealership in Bozeman, Montana. Defendant is engaged in an industry affecting commerce and employing more than fifteen employees. Defendant's registered agent for service of process is Jeffrey Kayser, 8474 Huffine Lane, Bozeman, MT 59718.

## STATEMENT OF FACTS

5. Jacob Rhodes began working for Ressler on March 2, 2020, as a salesman at Ressler's automobile dealership in Bozeman, Montana. He was and is qualified for the job, and performed his job duties adequately. Rhodes is Hispanic of Mexican ancestry on his mother's side.

6. On May 14, 2020, Brian Woodmansee, Ressler's Finance Manager, and Braylan Bean, Ressler's Sales Manager, were assisting Rhodes in processing the financing for a vehicle sale involving two of Rhodes' customers. The two customers were Hispanic. Bean and Woodmansee began making discriminatory comments, such as claiming that all Hispanics who live in Montana work construction at the Yellowstone Club, and are all "illegals" who share each other's social security numbers. Rhodes was shocked by the discriminatory comments. Rhodes told Woodmansee and Bean that he was Mexican and that their comments were racist and discriminatory. Because Rhodes' name does not sound Hispanic and he does not appear obviously Hispanic, neither Woodmansee nor Bean were aware of his Mexican heritage until he made this statement.

7. Woodmansee and Bean immediately became angry and defensive. It was clear that they were upset that Rhodes had complained about their discriminatory comments.

8. Woodmansee told Plaintiff that he wanted to see the customers' social security cards. Because of Woodmansee's discriminatory comments, and because this was not the standard practice, Rhodes reasonably believed that the only reason Woodmansee wanted to see the customers' social security cards was that they were Hispanic.

9. The next day, May 15, 2020, Rhodes arrived at work in the morning. Later that morning, Bean sent him a text requesting that he report to human resources immediately. When he arrived at the HR office, Bean, Woodmansee, and Amy Schilling, the HR Manager, were present. Schilling asked Rhodes if he liked working there. Rhodes responded that he did, but that he did not appreciate how Woodmansee and Bean were talking about Mexicans the day before. Schilling cut him off, making clear she did not want to talk about the incident. She informed Rhodes that he needed to show Woodmansee some respect. Rhodes responded that respect is earned, a reference to the incident the day before. Rhodes asked, "Can we talk about discrimination in the workplace?" Schilling told him that the meeting was over. Although Rhodes was frustrated that Schilling was not willing to address the discriminatory comments, he did not act in a threatening or intimidating manner. Rhodes returned to work.

10. Later that morning, Bean texted Rhodes again, asking that he return to the HR office. When he did so, Schilling told him that his employment was being terminated. She refused to provide a reason for the termination.

11. The reason Rhodes was terminated was that he had complained about the discriminatory comments that occurred the day before his termination, and because he is Hispanic of Mexican ancestry.

12. On June 25, 2020, Plaintiff dual filed a timely complaint against Defendant with the Montana Human Rights Bureau and the United States Equal Employment Opportunity Commission ("EEOC") alleging that his termination and the actions of the Defendant described herein violated his rights under the Montana Human Rights Act and Title VII of the Civil Rights Act, and constituted discrimination and retaliation. The state and federal administrative claims were docketed as HRB No. 0200345, and 32D-2020-00345C, respectively.

13. On December 22, 2020, pursuant to § 49-2-504(7)(b), MCA, the Montana Human Rights Bureau issued a Notice of Dismissal and Notice of Right to File Civil Action in District Court, giving Plaintiff the right to file a lawsuit against Defendant within 90 days pursuant to § 49-2-511(3), MCA. On January 22, 2021, the EEOC issued a Dismissal and Notice of Rights giving Plaintiff the right to file a lawsuit against Defendant within 90 days.

## COUNT I (Montana Human Rights Act)

14. Plaintiff realleges and incorporates the preceding allegations of this complaint as though they were set forth in full.

15. Defendant, through its agents, discriminated against Plaintiff on the basis of his race and national origin (Hispanic of Mexican ancestry) by terminating his employment because of his race and national origin, in violation of § 49-2-303, MCA.

16. Defendant, through its agents, retaliated against Plaintiff by firing him for opposing discrimination, in violation of § 49-2-301, MCA.

17. As a direct and proximate consequence of Defendant's discriminatory and retaliatory actions as described herein, Plaintiff has suffered damages including lost income, including salary and benefits, as well as emotional distress.

## COUNT II (Title VII)

18. Plaintiff realleges and incorporates the preceding allegations of this complaint as though they were set forth in full.

19. Defendant, through its agents, discriminated against Plaintiff on the basis of his race and national origin by terminating his employment because of his race and national origin, in violation of 42 U.S.C. § 2000e-2.

20. Defendant, through its agents, retaliated against Plaintiff by firing him for opposing discrimination, in violation of 42 U.S.C. § 2000e-3.

21. As a direct and proximate consequence of Defendant's discriminatory and retaliatory actions as described herein, Plaintiff has suffered damages including lost income, including salary and benefits, as well as emotional distress.

22. Defendant intentionally discriminated and retaliated against Plaintiff. The actions of Defendant were done maliciously or with reckless indifference to Plaintiff's rights under Title VII, thereby entitling Plaintiff to punitive damages, pursuant to 42 U.S.C. §1981a.

## COUNT III (Section 1981)

23. Plaintiff realleges and incorporates the preceding allegations of this complaint as though they were set forth in full.

24. Defendant, as described herein, intentionally discriminated and retaliated against Plaintiff on account of his race, in violation of 42 U.S.C. §1981.

25. As a direct and proximate consequence of Defendant's discriminatory and retaliatory actions as described herein, Plaintiff has suffered damages including lost income, including salary and benefits, as well as emotional distress.

26. The actions of Defendant were done maliciously or with reckless indifference to Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## COUNT IV (Montana Constitution)

27. Plaintiff realleges and incorporates the preceding allegations of this complaint as though they were set forth in full.

28. Defendant's actions, as described herein, violated Article II, Section 4, of the Montana Constitution.

29. As a direct and proximate consequence of Defendant's unconstitutional actions as described herein, Plaintiff has suffered damages including lost income, including salary and benefits, as well as emotional distress.

30. The actions of Defendant were done maliciously or with reckless indifference to Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## COUNT V (Emotional Distress)

31. Plaintiff realleges and incorporates the preceding allegations of this complaint as though they were set forth in full.

32. In taking the actions described herein, Defendant intentionally, or at least negligently, inflicted serious or severe emotional distress upon Plaintiff.

33. The serious or severe emotional distress was a reasonably foreseeable consequence of Defendant's actions.

34. The actions of Defendant were done maliciously or with reckless indifference to Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the Defendant as follows:

1. For a money judgment representing damages to the full extent permitted by law, including lost wages and benefits, both present and future, compensatory and punitive damages, and all other sums of money, together with accrued interest thereon, according to proof;

2. For all costs and recoverable fees to be incurred, to the full extent permitted by law, including but not limited to attorney fees and costs under § 49-2-512(3), MCA, and 42 U.S.C. § 2000e-5(k); and

3. Such other relief, legal or equitable, as the Court deems just and proper.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

Respectfully submitted this 10th day of February, 2021

LAW OFFICE OF PHILIP HOHENLOHE, PLLC

By: _____
PHILIP A. HOHENLOHE
(Attorney for Plaintiff)